Of Counsel:
NING LILLY & JONES

MICHAEL A. LILLY      1681
STEPHEN A. JONES      2957
707 Richards Street, Suite 700
Honolulu, HI 96813
Telephone: (808) 528-1100
Facsimile: (808) 531-2415
Email: Michael@nljlaw.com

Special Counsel for Plaintiff
RONALD K. KOTOSHIRODO, Chapter 7 Trustee

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>JAMES WILLIAM LULL,<br><br>Debtor. | ) BK. NO. 06-00898<br>) (Chapter 7)<br>)<br>)<br>) MOTION FOR ORDER<br>) AUTHORIZING SETTLEMENT<br>) WITH PAUL VELDHUIS;<br>) DECLARATION OF RONALD<br>) K. KOTORSHIRODO; EXHIBIT<br>) "A"<br>)<br>)<br>) Non-Hearing<br>) JUDGE: Honorable Lloyd King<br>) |

**MOTION FOR ORDER AUTHORIZING SETTLEMENT
<u>WITH PAUL VELDHUIS</u>**
(EXHIBIT A)

Chapter 7 Trustee Ronald K. Kotoshirodo ("Trustee") of the Estate of the

above named Debtor JAMES WILLIAM LULL ("Debtor"), moves this Court for

an order pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure approving a settlement with Paul Veldhuis ("Veldhuis").

This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This motion is brought pursuant to Bankruptcy Rules 9013, 9014, 9019(a) and LBR 9013-1(c). In support of this motion, the Trustee respectfully states as follows:

By this motion, the Trustee seeks approval of a compromise settlement with Veldhuis which, if approved, will result in (i) the sale of some 127 bottles of wine which James Lull (the "Debtor") transferred to Veldhuis as security for or in partial satisfaction of a post-petition loan by Veldhuis to Debtor; (ii) the net proceeds of the sale will be equally shared between Veldhuis and the estate; and (iii) release of the Trustee's avoidance claims against Veldhuis. Veldhuis is not a creditor of the estate.

## I.   CLAIMS AND DISPUTES TO BE RESOLVED

In 2002, Debtor purchased approximately 30 cases of wine (the "Wine") from a third party on the island of Kauai in whose refrigerated wine cellar the Debtor continued thereafter to store the Wine. Debtor did not voluntarily disclose his ownership and possession of the Wine at the time of his Voluntary Petition or thereafter. In March 6, 2008, Debtor caused the Wine to be transported from Kauai to the mainland. Debtor later delivered the Wine to Veldhuis, allegedly as

security for or in partial satisfaction of a post-petition debt by Debtor to Veldhuis.
Prior to taking possession of the Wine, Veldhuis had actual knowledge that Debtor
had filed his Voluntary Petition.

Veldhuis and counsel for the Trustee have entered into a settlement subject
(Exhibit "A") to court approval.

## II.   REQUEST FOR APPROVAL OF PROPOSED SETTLEMENT

The Settlement Agreement for which approval is sought, is attached as
Exhibit "A". Some of the salient terms of the contemplated settlement are as
follows:

(1)   Veldhuis shall cooperate with the Trustee in the sale of the Wine.

(2)   The proceeds from the sale of the Wine shall be received by the
Trustee whereupon he will then promptly tender one-half (1/2) of such proceeds to
Veldhuis without further need of notice, hearing or order.

(3)   The Trustee and Veldhuis shall mutually release one another
from all further claims in connection with the Wine which will result in a dismissal
of the Trustee's pending adversary action against Veldhuis, Bk. Adv. Pro. 08-
90050.

The Trustee requests approval of this settlement. It will provide economic
benefit to the estate, and will relieve the estate of the expense, delay and

uncertainty of litigation over the Trustee's claims, which are disputed by Veldhuis. Declaration of Ronald K. Kotoshirodo, attached.

In this proposed settlement, the parties have engaged in arm's length, good faith negotiations in an attempt to reach an acceptable compromise settlement of the disputed claims. The Trustee believes that the proposed settlement is in the best interests of the estate and will provide benefits to the estate. Declaration of Ronald K. Kotoshirodo.

The Trustee therefore respectfully moves for an order approving the Trustee's Settlement Agreement with Veldhuis (Exhibit "A" attached), and granting such other and further relief as the Court deems just and proper.

DATED: Honolulu, Hawaii, _October 9, 2008_

STEPHEN A. JONES
MICHAEL A. LILLY
Attorneys for Chapter 7 Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re: | ) | BK. NO. 06-00898 |
| JAMES WILLIAM LULL, | ) | (Chapter 7) |
| Debtor. | ) | |
| | ) | |
| | ) | DECLARATION OF RONALD |
| | ) | K. KOTOSHIRODO |

DECLARATION OF RONALD K. KOTOSHIRODO

Plaintiff RONALD KOTOSHIRODO ("Plaintiff" or "Trustee"), Trustee of

the above-named Debtor, for his complaint herein states:

1.    I am the duly appointed and acting Trustee of the bankruptcy estate of

JAMES WILLIAM LULL, the above-named Debtor.

2.      I was appointed as Chapter 7 Trustee in this case by Notice of Appointment of Interim Trustee dated December 12, 2006.

3.      I make this declaration in support of my Motion for Order Authorizing Settlement with Paul Veldhuis (the "Motion").

4.      In connection with the proposed settlement, the parties engaged, through counsel and me personally, in arm's length, good faith negotiations in an attempt to reach acceptable settlements of the disputed claims.

5.      I believe that the proposed settlement, which is attached to the accompanying motion as Exhibit "A", is in the best interest of the Bankruptcy Estate.  It will provide economic benefit to the Estate, while avoiding the costs, delays and uncertainties of litigation with respect to the disputed claims.

6.      The proposed settlement resolves a dispute concerning the ownership of some 127 bottles of wine that James Lull (the "Debtor") purchased pre-petition and transferred post-petition to Veldhuis in partial satisfaction of or as security for a post-petition loan made by Veldhuis to Debtor.

7.      The settlement provides that the wine will be sold and the proceeds shared equally by Veldhuis and the estate.

8.      I believe that the terms of this resolution are fair and reasonable, and in the Estate's best interests

9.    Under all of the circumstances which are present, including consideration of the substantial drain on the estate's resources which would result from litigation of the disputed matters, the uncertainty of ultimate recovery, and the benefits to the Estate from the proposed settlement, I support the proposed settlement and respectfully request that the Court approve it.

I declare under penalty of perjury under the laws of the State of Hawai`i and the United States that the foregoing is true and correct.

Executed this 3rd day of October, 2008 in Honolulu, Hawai`i.

_____
RONALD K. KOTOSHIRODO, Trustee

# SETTLEMENT AGREEMENT

(Trustee/Veldhuis)

This Settlement Agreement ("Agreement") is made this 3rd day of October, 2008, by and between RONALD K. KOTOSHIRODO, Bankruptcy Trustee in In Re Lull, Bankruptcy No. 06-00898 ("Trustee") and PAUL VELDHUIS ("Velduis").

## WITNESSETH:

WHEREAS, on August 20, 2008, Trustee filed an adversary action against Veldhuis in Bk. No. 08-90050 (the "Adversary Action") to avoid preferential and unauthorized post-petition transfers and/or for turnover to the Trustee of funds or property belonging to the estate which Veldhuis received from James W. Lull ("Lull"), to wit: approximately 127 bottles of wine (the "Wine"); and

WHEREAS, Veldhuis denies any liability to the Trustee with respect to the Wine; and

WHEREAS, the Trustee and Veldhuis wish to facilitate a prompt resolution of the Trustee's claims and the issues in dispute concerning the Wine without any admission of liability or fault whatsoever, and without further litigation, controversy, or expense, and thereby to fully and finally resolve such matters as set forth below;

# EXHIBIT " A "

NOW THEREFORE, in consideration of these mutual promises and for the good and valuable consideration hereinafter described, the parties hereby mutually agree and stipulate as follows:

**1.     SETTLEMENT.**

The Wine will be promptly sold and the proceeds after costs of sale shall be divided equally between the Trustee on behalf of the bankruptcy estate and Veldhuis.  In order to facilitate the sale, Veldhuis shall cooperate in turning over the Wine to a person designated by Trustee in the State of Washington.  If the Trustee is unable to obtain a person to assist in a sale, the Trustee and Veldhuis shall cooperate with each other on finding another person or means by which to sell the Wine.

All of the proceeds received from the sale of the wine is to be tendered to the Trustee by bank check drawn payable to "Ronald K. Kotoshirodo, Trustee for the Estate of James Lull", and delivered to Trustee's undersigned counsel.  Upon receipt of the funds paid, the Trustee shall promptly disburse one-half of the sale proceeds to Veldhius without further need of notice, hearing or order.

**2.     MUTUAL RELEASE OF CLAIMS BETWEEN THE PARTIES.**

Upon execution of this Agreement and after the sale of the Wine and distribution of the net sales proceeds, any claims which the Trustee has against Veldhuis in connection with the Wine as well as any claims that Veldhuis may

2

have against the Trustee and his estate shall be deemed released and discharged and the Adversary Action will be dismissed by the filing of a stipulated dismissal signed by the Trustee and Veldhuis. This release shall be deemed to benefit the Trustee and his estate, Veldhuis and their respective heirs, successors and assigns.

## 3. **CONDITIONS.**

This settlement shall be conditioned upon:

(a) Signature of this agreement by the Trustee and Veldhuis no later than October 15, 2008;

(b) Approval of the Bankruptcy Court;

(c) The passage of eleven (11) days after entry of the Bankruptcy Court's order approving this agreement, without there having been filed any appeal or motion for reconsideration challenging such approval.

If any of these conditions do not occur, this Agreement shall be null and void, and nothing contained in it shall be deemed to be a waiver of any claim, right, defense or position of either the Trustee or Veldhuis. During the pendency of an appeal or reconsideration challenging an order approving this settlement, the settlement shall be stayed. If any such appeal/reconsideration is granted, the settlement shall be void; if any such appeal/reconsideration is denied, the settlement shall be consummated as agreed.

## 4. **NO ADMISSION OF LIABILITY; NO EFFECT ON RIGHTS AS TO THIRD PARTIES.**

This Agreement is intended to be a final settlement and accord and satisfaction of the respective rights and liabilities of the Trustee and Veldhuis with respect to the Trustee's Claims against Veldhuis. This Agreement contains the entire agreement of the Trustee and Veldhuis with respect to such Claims. This Agreement may only be changed, amended, or modified by a change, amendment, or modification set forth in writing and duly executed by the Trustee and Veldhuis. This Agreement is not to be construed as an admission of liability by either party hereto, or an admission of any factual matter, or a waiver of any claim or defense which either party may have *vis-à-vis* others. Nothing in this agreement shall be deemed to benefit any person or entity other than the Trustee and Veldhuis, who each reserve all rights as against third parties.

## 5. **MISCELLANEOUS.**

(a)     Neither of the parties nor anyone on their behalf have made any agreements to do or admit to do any act or thing not herein mentioned and no representation of fact or opinion has been made by any of the parties or by anyone on their behalf to induce this compromise, and this compromise and settlement is made by the parties with foreknowledge of the facts and possibilities of the case and upon advice of counsel.

(b)     Whenever required, the parties shall expeditiously and without delay, prepare and cause to prepare and/or execute all instruments and documents necessary to comply with the terms and conditions of this Agreement.

(c)     Each party shall bear his or her own attorneys' fees and costs incurred in connection herewith; however, in any action commenced to compel compliance with the terms of this Agreement, the prevailing party shall be entitled to an award of reasonable attorney fees and costs.

(d)     This Agreement and the legal relations between the parties hereto shall be governed by, and construed in accordance with, the laws of the State of Hawaii.

(e)     Should any provision of this Agreement be declared or determined for any reason to be invalid, illegal or unenforceable, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

(f)     Notwithstanding anything contained herein to the contrary, the Bankruptcy Court shall retain jurisdiction over all matters relating to this Agreement. All disputes arising from or relating to this Agreement shall be decided by the Bankruptcy Court and shall not be reviewable by appeal or otherwise.

(g)     This Agreement may be executed in one or more counterparts by the parties.  All counterparts shall be construed together and shall constitute one

Agreement.  This Agreement will not be effective until executed by all of the parties hereto.  A signature by facsimile will be binding if delivered by the party's counsel of record, and will be promptly followed by the original signature page.

IN WITNESS WHEREOF, the parties have executed this Agreement on the day and year first above written.

_____
RONALD K. KOTOSHIRODO

*"Trustee"*

_____
PAUL VELDHUIS

*"Veldhuis"*

APPROVED AS TO FORM AND SUBSTANCE:

_____
MICHAEL A. LILLY, ESQ.
Attorney for RONALD K. KOTOSHIRODO
TRUSTEE *In Re Lull*

_____
PAUL VELDHUIS

6