DAVID E. MCALLISTER (7660)
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858)750-7600
Facsimile: (619) 590-1385
DMCALLISTER@PITEDUNCAN.COM

DAVID B. ROSEN (7152-0)
LAW OFFICE OF DAVID B. ROSEN, ALC
810 Richards Street, Suite 880
Honolulu, HI 96813
Ph.:  (808) 523-9393
Fax: (808) 523-9595
E-mail: RosenLaw@hawaii.rr.com
(Local Counsel for Movant)

Attorneys for   AURORA LOAN SERVICES LLC, AS SERVICING AGENT FOR
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SOLELY AS
NOMINEE FOR INTEGRITY FUNDING GROUP, INC., its successors and/or
assigns

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>JAMES WILLIAM LULL,<br><br><br><br><br>Debtor(s). | Case No. 06-00898<br>(Chapter 7)<br><br>Date:   April 8, 2009<br>Time:   1:30 p.m.<br>Judge:   Honorable Judge Lloyd King |

**MEMORANDUM IN SUPPORT OF MOTION
FOR RELIEF FROM AUTOMATIC STAY**

Aurora Loan Services LLC, as servicing agent for Mortgage Electronic Registration Systems,

Inc., Solely as Nominee for Integrity Funding Group, Inc., its successors and/or assigns ("Movant"),

- 1 -

moves this court for an order terminating the automatic stay of 11 United States Code section 362 as to Movant, so that Movant may commence and continue all acts necessary to enforce its security interest in real property generally described as 4030 Pali Moana Pl, Kilauea, Hawaii 96754 (the "Property").

On or about December 8, 2006, James William Lull ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code, and Ronald K. Kotoshirodo (the "Chapter 7 Trustee") was appointed as Chapter 7 Trustee. As a result of said filing, certain acts and proceedings against Debtor and the bankruptcy estate are stayed as provided in 11 United States Code section 362.

On or about April 11, 2007, the Chapter 7 Trustee initiated an adversary proceeding against Jeffrey L. Uldricks and The Pattie K Irvine Revocable Trust Dated December 21, 1992, as case number 07-90017 (the "Adversary Proceeding"), seeking to set aside the transfer of the Debtor's interest in the Property. As of the date of the filing of this Motion, the Adversary Proceeding has not been resolved and the scheduling conference has been continued to May 21, 2009.

Movant moves this court for relief from stay under 11 United States Code sections 362(d)(1) and 362(d)(2).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 UNITED STATES CODE SECTION 362(d)(2).**

**NO EQUITY**

11 United States Code section 362(d)(2) provides that relief from the automatic stay shall be granted if the debtor does not have any equity in the property and the property is not necessary to the debtor's effective reorganization.

In In re San Clemente Estates (S.D. Cal. 1980) 5 B.R. 605, the court stated that:

> § 362(d)(2) reflects congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, <u>even where</u> the debtor can provide adequate protection under § 362(d)(1). (Emphasis added).

(In re San Clemente Estates, supra, at 610.)

In In re Mikole Developers, Inc. (1981) 14 B.R. 524, 525, the court stated that in determining whether equity exists in the property for purposes of section 362(d)(2), all encumbrances are totalled, whether or not all the lienholders have joined in the request for relief from stay. The Ninth Circuit has concurred with this view in Stewart v. Gurley (9th Cir. 1984) 745 F.2d 1194.

An appropriate cost of sale factor should also be added to determine if the debtor has any equity in the property. (La Jolla Deed of Trust Fund v. Rancho El Cajon Associates (Bankr. S.D. Ca. 1982) 18 B.R. 283, 289.)

On or about June 26, 2003, Ted B. Hollands ("Borrower"), for valuable consideration, made, executed and delivered to Movant a Note in the principal sum of $1,920,000.00 (the "Note"). Pursuant to the Note, Borrower is obligated to make monthly principal and interest payments commencing September 1, 2003, and continuing until August 1, 2033, when all outstanding amounts are due and payable. The Note provides that, in the event of default, the holder of the Note has the option of declaring all unpaid sums immediately due and payable.

On or about June 26, 2003, the Borrower made, executed and delivered to Movant a Mortgage (the "Mortgage") granting Movant a security interest in real property commonly described as 4030 Pali Moana Pl, Kilauea, Hawaii 96754, which is more fully described in the Mortgage. The Mortgage provides that attorneys' fees and costs incurred as a result of the Debtor's bankruptcy case may be included in the outstanding balance under the Note. The Mortgage was recorded on July 3,

2003, in the State of Hawaii Bureau of Conveyances.

Movant is unaware of the manner in which Debtor acquired an interest in the Real Property. The Debtor specifies in his Schedules that he has an unrecorded interest in a second mortgage on the Property and therefore the Property is part of the bankruptcy estate.

The obligation under the Note is in default as of June 1, 2007, for failure to make payments to Movant. As of January 15, 2008, the total obligation due and owing under the Note is in the approximate amount of $2,105,789.63, representing the principal balance of $1,846,734.69, interest in the sum of $240,090.26, late charges in the amount of $2,038.44, escrow advances in the amount of $16,626.24, recoverable balance in the amount of $275.00, and other fees in the amount of $25.00. Further, Movant has incurred additional post-petition attorneys' fees and costs in bringing the instant Motion. Moreover, the total arrears under the Note are in the approximate sum of $300,570.72, excluding the post-petition attorneys' fees and costs incurred in filing the instant Motion. This is an approximate amount for purposes of this Motion only, and should not be relied upon as such to pay off the subject loan as interest and additional advances may come due subsequent to the filing of the Motion. An exact payoff amount can be obtained by contacting Movant's counsel.

## II.

## RELIEF FROM STAY

## LACK OF EQUITY

Movant is informed and believes that, based on the Chapter 7 Trustee's Memorandum in Support of Plaintiff Ronald K. Kotoshirodo, Chapter 7 Trustee's Motion to Continue Trial Date or to Schedule Status Conference ("Trustee's Motion"), filed in the Adversary Proceeding on May 27, 2008, the fair market value of the Property is no more than $2,500,000.00. Pursuant to the Trustee's

Motion and in light of the recent trends in the real estate market, the fair market value of the Property has most likely decreased subsequent to the filing of the Trustee's Motion. A true and correct copy of the Trustee's Motion is attached to the Declaration in Support of Motion for Relief From Automatic Stay as exhibit A and incorporated herein by reference.

Based on the above, Movant maintains that the equity in the Property is as follows:

| | |
|---|---:|
| Trustee's Updated Listing Price: | $2,500,000.00 |
| Less: | |
|    Movant's Mortgage | $2,105,789.63 |
|    Costs of Sale (8%) | $200,000.00 |
| Equity in the Property: | $194,210.37 |

As this is a Chapter 7 proceeding, there is no reorganization in prospect. Accordingly, Movant is entitled to relief from the automatic stay pursuant to 11 United States Code section 362(d)(2).

### III.

### **MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 UNITED STATES CODE SECTION 362(d)(1).**

### **CAUSE - LACK OF ADEQUATE PROTECTION**

Pursuant to the provisions of 11 United States Code sections 361 and 362(d)(1), Movant is entitled to adequate protection of its interest in the Property.

Movant submits that adequate protection in this case requires normal and periodic cash payments, as called for by the Note, plus the repayment of any and all delinquent amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this motion.

Movant is informed and believes that Debtor is presently unwilling or unable to provide adequate protection to the Movant and there is no probability that adequate protection can be afforded to Movant within a reasonable time.

By reason of the foregoing, Movant is entitled to relief from stay under 11 United States Code section 362(d)(1), based upon the failure of Debtor to provide adequate protection to Movant.

WHEREFORE, Movant respectfully prays for an Order of this court as follows:

1. Terminating the automatic stay of 11 United States Code section 362, as it applies to the enforcement by Movant of all of its rights in the Real Property under the Note and the Mortgage;

2. Granting Movant leave to foreclose on the Real Property and to enforce the security interest under the Note and the Mortgage, including any action necessary to obtain possession of the Property;

3. Permitting Movant to offer and provide Debtor with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and to enter into such agreement with Debtor;

4. Alternatively, in the event this court declines to grant Movant the relief requested above, Movant requests that an Order for adequate protection be issued, requiring the Debtor to reinstate and maintain in a current condition all obligations due under the Note and Mortgage and all other deeds of trust encumbering the Property, including Debtor's obligations to pay when due (a) the monthly installments of principal and interest, as required under the Note; (b) tax/insurance obligations; and (c) any sums advanced by Movant on behalf of Debtor in order to protect Movant's interest in the Property, including all attorneys' fees and costs incurred in the filing of this motion;

/./././

/./././

/./././

/./././

5.  That the attorneys' fees and costs incurred by Movant for filing the instant Motion be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law; and

6.  For such other and further relief as the court deems just and proper.

Dated: March 18, 2009                     PITE DUNCAN, LLP


/s/ DAVID E. MCALLISTER
Attorneys for AURORA LOAN SERVICES LLC, AS SERVICING AGENT FOR MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SOLELY AS NOMINEE FOR INTEGRITY FUNDING GROUP, INC., its successors and/or assigns

DAVID B. ROSEN
LAW OFFICE OF DAVID B. ROSEN, ALC
Local Counsel for AURORA LOAN SERVICES LLC, AS SERVICING AGENT FOR MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SOLELY AS NOMINEE FOR INTEGRITY FUNDING GROUP, INC., its successors and/or assigns