Of Counsel:
NING LILLY & JONES

MICHAEL A. LILLY     #1681
STEPHEN A. JONES     #2957
707 Richards Street, Suite 700
Honolulu, HI 96813
Telephone: (808) 528-1100
Facsimile: (808) 531-2415
Michael@nljlaw.com

Attorneys for Chapter 7 Trustee
RONALD KOTOSHIRODO

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re: | ) | CASE NO. 06-00898 |
| | ) | (Chapter 7) |
| JAMES WILLIAM LULL, | ) | |
| | ) | MOTION FOR ORDER |
| Debtor | ) | AUTHORIZING SETTLEMENT |
| | ) | WITH JAMES T. JASPER II aka |
| | ) | JIMMY JASPER; DECLARATION |
| | ) | OF RONALD K. KOTORSHIRODO; |
| | ) | EXHIBIT "A" |
| | ) | |
| | ) | HEARING: |
| | ) | DATE: May 21, 2009 |
| | ) | TIME: 9:30 a.m. |
| | ) | JUDGE: Honorable Lloyd King |

MOTION FOR ORDER AUTHORIZING SETTLEMENT
WITH JAMES T. JASPER II aka JIMMY JASPER
(EXHIBIT A)

Chapter 7 Trustee Ronald K. Kotoshirodo ("Trustee") of the Estate of the

above named Debtor JAMES WILLIAM LULL ("Debtor"), moves this Court for

an order pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure approving a settlement with James T. Jasper II aka Jimmy Jasper ("Jasper").

This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This motion is brought pursuant to Bankruptcy Rules 9013, 9014, 9019(a) and LBR 9013-1(c). In support of this motion, the Trustee respectfully states as follows:

By this motion, the Trustee seeks approval of a compromise settlement with Jasper, which if approved will result in payment to the Trustee of $110,000.00 in settlement of his claim against Jasper.

I. CLAIMS AND DISPUTES TO BE RESOLVED

Trustee has asserted claims against Jasper to avoid certain alleged preferential transfers from James W. Lull ("Lull") of 1) $152,500 by way of six checks listed in the November 21, 2008 letter from Trustee's counsel, and 2) an Ala Moana Hotel Condominium, Apt. No. 2615 (the "Claims").

II. REQUEST FOR APPROVAL OF PROPOSED SETTLEMENT

The Settlement Agreement for which approval is sought, is attached as Exhibit "A". In summary, this settlement will result in the Trustee receiving a payment of $110,000.00 and releasing Jasper, and Jasper's heirs, personal representatives, successors and assigns, from all liability for the Claims, except, however, Jasper understands and acknowledges that there will be no blanket

general release by the Trustee. Jasper also waives claims he may have against the estate.

The Trustee respectfully requests approval of this settlement. It is a fair, reasonable and efficient settlement of the Trustee's claim, and will provide an immediate economic benefit to the estate (payment of $110,000.00) while relieving the estate of the expense, delay and uncertainty of further litigation over the Trustee's claims, which are disputed in part by Jasper. Declaration of Ronald K. Kotoshirodo, attached.

In this proposed settlement, the parties have engaged in arm's length, good faith negotiations in an attempt to reach an acceptable compromise settlement of the disputed claims. The Trustee believes that the proposed settlement is in the best interests of the estate and will provide benefits to the estate. Declaration of Ronald K. Kotoshirodo.

The Trustee therefore respectfully moves for an order approving the Trustee's Settlement Agreement with Jasper (Exhibit "A" attached), and granting such other and further relief as the Court deems just and proper.

DATED: Honolulu, Hawaii, April 14, 2009.

_____
MICHAEL A. LILLY
STEPHEN A. JONES
Attorneys for Chapter 7 Trustee

3

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re: | ) | CASE NO. 06-00898 |
|---|---|---|
| | ) | (Chapter 7) |
| JAMES WILLIAM LULL, | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

## DECLARATION OF RONALD K. KOTOSHIRODO

I, RONALD K. KOTOSHIRODO, hereby declare as follows:

1. I am the duly appointed and acting Trustee of the bankruptcy estate of JAMES WILLIAM LULL, the above-named Debtor.

2. I was appointed as Chapter 7 Trustee in this case by Notice of Appointment of Interim Trustee dated December 12, 2006.

3. I make this declaration in support of my Motion for Order Authorizing Settlement with James T. Jasper II aka Jimmy Jasper (the "Motion").

4. In connection with the proposed settlement, the parties engaged (through counsel) in arm's length, good faith negotiations in an attempt to reach acceptable settlements of the disputed claims.

5. I believe that the proposed settlement, which is attached to the accompanying motion as Exhibit "A", is in the best interest of the Bankruptcy Estate. It will provide significant economic benefit to the Estate, while avoiding the costs, delays and uncertainties of further litigation.

6. While neither party to the settlement is making any admissions or waivers, based on the information provided by James T. Jasper II aka Jimmy Jasper ("Jasper") to my counsel, I recognize that the Jasper may have at least a partial defense or offset to my claims in this matter, and under the circumstances I believe that the proposed settlement amount ($110,000.00) is a fair and reasonable recovery for the estate in this matter. There is no general release of Jasper while Jasper waives any claims against the estate.

7. I believe the proposed settlement is in the Estate's best interests.

8. In summary, I support the proposed settlement and respectfully request that the Court approve it.

I declare under penalty of perjury under the laws of the State of Hawaii and the United States that the foregoing is true and correct.

Executed this 14th day of April 2009, in Honolulu, Hawaii.

RONALD K. KOTOSHIRODO

# SETTLEMENT AGREEMENT
(Trustee/Jasper)

This Settlement Agreement (the "Settlement") is made this 31st day of March, 2009, by and between RONALD K. KOTOSHIRODO ("Trustee"), Bankruptcy Trustee in In Re Lull, Bankruptcy No. 06-00898 (the "Bankruptcy Case") and JAMES T. JASPER II aka Jimmy Jasper ("Jasper").

## WITNESSETH:

WHEREAS, Trustee has asserted claims against Jasper to avoid certain alleged preferential transfers from James W. Lull ("Lull") of 1) $152,500 by way of six checks listed in the November 21, 2008 letter from Trustee's counsel, and 2) an Ala Moana Hotel Condominium, Apt. No. 2615 (the "Claims").

WHEREAS, Jasper denies any liability to the Trustee with respect to the Claims; and

WHEREAS, the Trustee and Jasper wish to facilitate a prompt resolution of the Trustee's claims and the issues in dispute concerning the Claims without any admission of liability or fault whatsoever, and without further litigation, controversy, or expense, and thereby to fully and finally resolve such matters as set forth below;

NOW THEREFORE, in consideration of these mutual promises and for the good and valuable consideration hereinafter described, the parties hereby mutually agree and stipulate as follows:

{W:\DOCS\484\40\W0103803.DOC}



EXHIBIT "A"

1. Jasper irrevocably waives any claim he may have against or in the Bankruptcy Case including, but not limited to, any claims arising from or relating to §502(d).

2. In full settlement of the Claims, Jasper agrees to pay to the Trustee sum of $110,000 by way of a check payable to "Ronald K. Kotoshirodo, Trustee for the Estate of James Lull" immediately upon approval of this Settlement by the Bankruptcy court.

3. The Trustee shall, upon execution of this Settlement, promptly file a motion in the Bankruptcy Case for approval of this Settlement.

4. The Trustee and Jasper will each bear their own attorney fees and costs.

5. The Trustee's agreement to this Settlement shall be subject to approval of the Bankruptcy Court.

6. Upon approval by the Bankruptcy Court and payment of the $110,000, the Trustee releases Jasper, and Jasper's heirs, personal representatives, successors and assigns, from all liability for the Claims, except, however, Jasper understands and acknowledges that there will be no blanket general release by the Trustee.

7. This Settlement shall be conditioned upon:

(a) Signature of this Settlement by the Trustee and Jasper no later than March 31, 2009;

(b) Approval of the Bankruptcy Court;

If any of the foregoing conditions do not occur, this Settlement shall be null and void, and nothing contained in it shall be deemed to be a waiver of any claim, right, defense or position of either the Trustee or Jasper. During the pendency of an appeal or reconsideration challenging an order approving this Settlement, the settlement shall be stayed. If any such appeal/reconsideration is granted, the settlement shall be void; if any such appeal/reconsideration is denied, the settlement shall be consummated as agreed.

8. This Settlement contains the entire agreement of the Trustee and Jasper with respect to the Claims. This Settlement may only be changed, amended, or modified by a change, amendment, or modification set forth in writing and duly executed by the Trustee and Jasper. This Settlement is not to be construed as an admission of liability by either party hereto, or an admission of any factual matter, or a waiver of any claim or defense which either party may have *vis-à-vis* others. Nothing in this Settlement shall be deemed to benefit any person or entity other than the Trustee and Jasper, who each reserve all rights as against third parties.

9. Miscellaneous.

(a) Neither of the parties nor anyone on their behalf have made any agreements to do or admit to do any act or thing not herein mentioned and no representation of fact or opinion has been made by any of the parties or by anyone on their behalf to induce this compromise, and this compromise and settlement is made by the parties with foreknowledge of the facts and possibilities of the case and upon advice of counsel.

(b) Whenever required, the parties shall expeditiously and without delay, prepare and cause to prepare and/or execute all instruments and documents necessary to comply with the terms and conditions of this Settlement.

(c) This Settlement and the legal relations between the parties hereto shall be governed by, and construed in accordance with, the laws of the State of Hawai`i.

(d) Should any provision of this Settlement be declared or determined for any reason to be invalid, illegal or unenforceable, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Settlement.

(e) Notwithstanding anything contained herein to the contrary, the Bankruptcy Court shall retain jurisdiction over all matters relating to this Settlement.

(f) This Settlement may be executed in one or more counterparts by the parties. All counterparts shall be construed together and shall constitute one Agreement. This Settlement will not be effective until executed by all of the parties hereto. A signature by facsimile or pdf format will be binding.

IN WITNESS WHEREOF, the parties have executed this Settlement on the day and year first above written.

_____
RONALD K. KOTOSHIRODO
*"Trustee"*

_____
JAMES T. JASPER II
*"Jasper"*

APPROVED AS TO FORM AND SUBSTANCE:

_____
MICHAEL A. LILLY, ESQ.
Ning, Lilly & Jones
707 Richards St., Suite 700
Honolulu, HI 96813-4623
Attorney for RONALD K. KOTOSHIRODO
TRUSTEE *In Re Lull*