Of Counsel:
NING LILLY & JONES

MICHAEL A. LILLY     1681
STEPHEN A. JONES     2957
707 Richards Street, Suite 700
Honolulu, HI 96813
Telephone: (808) 528-1100
Facsimile: (808) 531-2415
michael@nljlaw.com

Attorneys for Chapter 7 Trustee
RONALD KOTOSHIRODO

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re: | ) | CASE NO. 06-00898 |
| | ) | (Chapter 7) |
| JAMES WILLIAM LULL, | ) | |
| | ) | MOTION FOR ORDER |
| Debtor | ) | AUTHORIZING SETTLEMENT |
| | ) | WITH CYNTHIA P. WEISS AND |
| | ) | WILLIAM S. WEISS; |
| | ) | DECLARATION OF RONALD K. |
| | ) | KOTORSHIRODO; EXHIBIT "1" |
| | ) | |
| | ) | **HEARING:** |
| | ) | DATE: May 21, 2009 |
| | ) | TIME: 9:30 a.m. |
| | ) | JUDGE: Honorable Lloyd King |

MOTION FOR ORDER AUTHORIZING SETTLEMENT
WITH CYNTHIA P. WEISS AND WILLIAM S. WEISS
(EXHIBIT 1)

Chapter 7 Trustee Ronald K. Kotoshirodo ("Trustee") of the Estate of the

above named Debtor JAMES WILLIAM LULL ("Debtor"), moves this Court for

an order pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure approving a settlement with CYNTHIA P. WEISS and WILLIAM S. WEISS ("Weisses").

This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This motion is brought pursuant to Bankruptcy Rules 9013, 9014, 9019(a) and LBR 9013-1(c). In support of this motion, the Trustee respectfully states as follows:

By this motion, the Trustee seeks approval of a compromise settlement with the Weisses, which if approved will result in payment to the Trustee of $7,500.00 in settlement of his claim against the Weisses.

I.     CLAIMS AND DISPUTES TO BE RESOLVED

On or about October 26, 2006 (within 90 days of the filing of his Voluntary Bankruptcy Petition), Debtor made a partial repayment of $25,000 to Defendants on an antecedent debt.

On September 5, 2008, Trustee brought an avoidance claim against the Weisses in Adv. No. 08-90052.

II.     REQUEST FOR APPROVAL OF PROPOSED SETTLEMENT

The Settlement Agreement for which approval is sought is attached as Exhibit "1". In summary, this settlement will result in the Trustee receiving a payment of $7,500.00, and dismissing Adv. No. 08-90052 with prejudice.

The Trustee respectfully requests approval of the settlement. It is a fair, reasonable and efficient settlement of the Trustee's claim, and will provide an immediate economic benefit to the estate (payment of $7,500.00) while relieving the estate of the expense, delay and uncertainty of further litigation over the Trustee's claims, which are disputed in part by the Weisses. Declaration of Ronald K. Kotoshirodo. Additionally, the Weisses have provided Trustee with evidence relating to the collectibility of any judgment against them. There is no general release of the Weisses.

In this proposed settlement, the parties have engaged in arm's length, good faith negotiations in an attempt to reach an acceptable compromise settlement of the disputed claims. The Trustee believes that the proposed settlement is in the best interests of the estate and will provide benefits to the estate. Declaration of Ronald K. Kotoshirodo.

The Trustee therefore respectfully moves for an order approving the Trustee's Settlement Agreement with the Weisses (Exhibit "1" attached), and granting such other and further relief as the Court deems just and proper.

DATED: Honolulu, Hawaii, April 21, 2009.

MICHAEL A. LILLY
STEPHEN A. JONES
Attorneys for Chapter 7 Trustee

3

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re: | ) | CASE NO. 06-00898 |
|---|---|---|
| | ) | (Chapter 7) |
| JAMES WILLIAM LULL, | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

## DECLARATION OF RONALD K. KOTOSHIRODO

I, RONALD K. KOTOSHIRODO, hereby declare as follows:

1. I am the duly appointed and acting Trustee of the bankruptcy estate of JAMES WILLIAM LULL, the above-named Debtor.

2. I was appointed as Chapter 7 Trustee in this case by Notice of Appointment of Interim Trustee dated December 12, 2006.

3. I make this declaration in support of my Motion for Order Authorizing Settlement with Bank of America (the "Motion").

4. In connection with the proposed settlement, the parties engaged (through counsel) in arm's length, good faith negotiations in an attempt to reach acceptable settlements of the disputed claims.

5. I believe that the proposed settlement, which is attached to the accompanying motion as Exhibit "1", is in the best interest of the Bankruptcy Estate. It will provide significant economic benefit to the Estate, while avoiding the costs, delays and uncertainties of further litigation. Additionally, the Weisses

have provided me with evidence relevant to the collectibility of any judgment against them.

6. While neither party to the settlement is making any admissions or waivers, based on the information provided by Cynthia P. Weiss and William S. Weiss (the "Weisses") to my counsel, I believe that the proposed settlement amount ($7,500.00) is a fair and reasonable recovery for the estate in this matter.

7. I believe the proposed settlement is in the Estate's best interests.

8. In summary, I support the proposed settlement and respectfully request that the Court approve it.

I declare under penalty of perjury under the laws of the State of Hawaii and the United States that the foregoing is true and correct.

Executed this 21st day of April, 2009, in Honolulu, Hawaii.

/s/ RONALD K. KOTOSHIRODO

# SETTLEMENT AGREEMENT
(Trustee/Weiss)

This Settlement Agreement (the "Settlement") is made this __ day of March, 2009, by and between RONALD K. KOTOSHIRODO ("Trustee"), Bankruptcy Trustee in In Re Lull, Bankruptcy No. 06-00898 (the "Bankruptcy Case") and CYNTHIA P. WEISS and WILLIAM S. WEISS (the "Weisses").

## WITNESSETH:

WHEREAS, Trustee filed an adversary action against the Weisses on September 5, 2008 in Adv. No. 08-90052 (the "Adversary Action") to avoid certain alleged preferential transfers from James W. Lull ("Lull") (the "Claims").

WHEREAS, on March 5, 2009, the court entered its Final Judgment by Default Against Defendants Cynthia P. Weiss and William S. Weiss (Dkt.# 23) in the Adversary Action in the amount of $25,362.26 (the "Final Judgment").

WHEREAS, the Weisses are unable to pay the foregoing sum and have provided the Trustee with a verified statement of their finances and assets (Exhibit "A") justifying the Settlement terms herein; and

WHEREAS, the Trustee and the Weisses wish to facilitate a prompt resolution of the Claims and the Final Judgment without any further litigation, controversy, or expense, and thereby to fully and finally resolve such matters as set forth below;

EXHIBIT "1"

NOW THEREFORE, in consideration of these mutual promises and for the good and valuable consideration hereinafter described, the parties hereby mutually agree and stipulate as follows:

1. The Weisses irrevocably waive any claim they may have against or in the Bankruptcy Case including, but not limited to, any claims arising from or relating to §502(d).

2. In full settlement of the Claims and satisfaction of the Final Judgment, the Weisses agree to pay to the Trustee sum of $7,500 by way of a check payable to "Ronald K. Kotoshirodo, Trustee for the Estate of James Lull" immediately upon approval of this Settlement by the Bankruptcy court.

3. The Trustee shall, upon execution of this Settlement, promptly file a motion in the Bankruptcy Case for approval of this Settlement.

4. The Trustee and the Weisses will each bear their own attorney fees and costs.

5. The Trustee's agreement to this Settlement shall be subject to approval of the Bankruptcy Court.

6. Upon approval by the Bankruptcy Court and payment of the $7,500, the Trustee releases the Weissess, and the Weisses' heirs, personal representatives, successors and assigns, from all liability for the Claims and Final Judgment,

except, however, the Weisses understand and acknowledge that there will be no blanket general release by the Trustee.

7.  This Settlement shall be conditioned upon:

(a)  Signature of this Settlement by the Trustee and the Weisses no later than March 31, 2009;

(b)  Approval of the Bankruptcy Court;

If any of the foregoing conditions do not occur, this Settlement shall be null and void, and nothing contained in it shall be deemed to be a waiver of any claim, right, defense or position of either the Trustee or the Weisses. During the pendency of an appeal or reconsideration challenging an order approving this Settlement, the settlement shall be stayed. If any such appeal/reconsideration is granted, the settlement shall be void; if any such appeal/reconsideration is denied, the settlement shall be consummated as agreed.

8.  This Settlement contains the entire agreement of the Trustee and the Weisses with respect to the Claims and the Final Judgment. This Settlement may only be changed, amended, or modified by a change, amendment, or modification set forth in writing and duly executed by the Trustee and the Weisses. This Settlement is not to be construed as a waiver of any claim or defense which either party may have *vis-à-vis* others. Nothing in this Settlement shall be deemed to

benefit any person or entity other than the Trustee and the Weisses, who each reserve all rights as against third parties.

9. Miscellaneous.

(a) Neither of the parties nor anyone on their behalf have made any agreements to do or admit to do any act or thing not herein mentioned and no representation of fact or opinion has been made by any of the parties or by anyone on their behalf to induce this compromise, and this compromise and settlement is made by the parties with foreknowledge of the facts and possibilities of the case and upon advice of counsel.

(b) Whenever required, the parties shall expeditiously and without delay, prepare and cause to prepare and/or execute all instruments and documents necessary to comply with the terms and conditions of this Settlement.

(c) This Settlement and the legal relations between the parties hereto shall be governed by, and construed in accordance with, the laws of the State of Hawai`i.

(d) Should any provision of this Settlement be declared or determined for any reason to be invalid, illegal or unenforceable, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Settlement.

(e) Notwithstanding anything contained herein to the contrary, the Bankruptcy Court shall retain jurisdiction over all matters relating to this Settlement.

(f) This Settlement may be executed in one or more counterparts by the parties. All counterparts shall be construed together and shall constitute one Agreement. This Settlement will not be effective until executed by all of the parties hereto. A signature by facsimile or pdf format will be binding.

IN WITNESS WHEREOF, the parties have executed this Settlement on the day and year first above written.

*/s/*
_____
RONALD K. KOTOSHIRODO

*"Trustee"*

_____
CYNTHIA P. WEISS

_____
WILLIAM S. WEISS

*The "Weisses"*

(e) Notwithstanding anything contained herein to the contrary, the Bankruptcy Court shall retain jurisdiction over all matters relating to this Settlement.

(f) This Settlement may be executed in one or more counterparts by the parties. All counterparts shall be construed together and shall constitute one Agreement. This Settlement will not be effective until executed by all of the parties hereto. A signature by facsimile or pdf format will be binding.

IN WITNESS WHEREOF, the parties have executed this Settlement on the day and year first above written.

_____
RONALD K. KOTOSHIRODO

*"Trustee"*

*[signature]*
_____
CYNTHIA P. WEISS

*[signature]*
_____
WILLIAM S. WEISS

*The "Weisses"*

5

APPROVED AS TO FORM AND SUBSTANCE:

_____
MICHAEL A. LILLY, ESQ.
Ning, Lilly & Jones
707 Richards St., Suite 700
Honolulu, HI 96813-4623
Attorney for RONALD K. KOTOSHIRODO
TRUSTEE *In Re Lull*


_____
DON SPAFFORD, JR., ESQ.
1003 Bishop St., # 470
Honolulu, Hawai`i 96813
Attorney for Defendants
CYNTHIA P. WEISS and
WILLIAM S. WEISS

6

Declaration of Cynthia and William Weiss

We, Cynthia and William Weiss, do hereby declare and certify under penalty of perjury that the attached statements of income and expenses and assets and debts are true and correct and accurately reflect our current financial situation.

Dated: April 1, 2009, Springfield, Oregon

_Cynthia Weiss_
Cynthia Weiss

_William Weiss_
William Weiss

EXHIBIT "A"

CYNTHIA AND WILLIAM WEISS
INCOME AND EXPENSES

PART A-MONTHLY INCOME AND WITHHOLDING:
    1. Combined Gross Income:      $ 2,378.15
    2. Withholding:
        a. taxes, FICA, Medicare:      $ 423.88
    3. Net Income:      $ 1,954.27

PART B-MONTHLY EXPENSES:
    1. Mortgage Payment (incl. taxes & insurance):      $ 1,173.47
    2. Electricity & heating:      $ 300.00
    3. Telephone:      $ 95.44
    4. TV Dishnet & internet:      $ 133.98
    5. Garbage:      $ 30.00
    6. Food & dog food:      $ 1,000.00
    7. Clothing:      $ 20.00
    8. Laundry & dry cleaning:      $ 50.00
    9. Medical, dental, medicines:      $ 270.00
    10. Transportation (gas & maintenance)      $ 450.00
    11. Charitable contributions:      $ 20.00
    12. Insurance:
        a. life insurance:      $ 120.00
        b. health insurance:      $ 0.00
        c. automobile insurance:      $ 75.00
    13. Minimum credit card payments:      $ 1,271.00
    14. Total Monthly Expenses      $ 5,008.89

PART D-NET MONTHLY SURPLUS/DEFICIT:
    1. Net Monthly Income (Item A-3):      $ 1,954.27
    2. Total Monthly Expenses (Item B-14)      $ 5,008.89
    3. Net Surplus/Deficit:      - 3,054.62

CYNTHIA AND WILLIAM WEISS
ASSETS AND DEBTS

PART A-ASSETS:
    1. Real Property:
        -Springfield, OR         $250,000.00
    2. Personal Property:
        a. cash & Bank Accounts:     $ 920.00
        b. household goods & furnishings:     $ 7,000.00
        c. books, CDs, DVDs:     $ 900.00
        d. pictures:     $ 1,000.00
        e. collectibles:     $ 2,000.00
        f. clothes, accessories & shoes:     $ 2,000.00
        g. jewelry:     $ 6,200.00
        h. cameras:     $ 175.00
        i. tax refunds:     $ 1,628.00
        j. motor vehicles:     $ 13,200.00
        l. computer, printer, shredder:     $ 850.00
        m. garden tools and equipment:     $ 300.00
    3. Total Assets:     $283,090.00

PART B-LIABILITIES:
    1. Secured Debts:
        a. Mortgage:     $136,912.00
        b. vehicle debt:     $ 0.00
    2. Unsecured Debts:
        a. Personal Loans:     $ 3,000.00
        b. credit card debt:     $ 57,530.38
    3. Debt Total:     $197,442.38
PART C-NETWORTH:
    1. NETWORTH BEFORE EXEMPTIONS
        (Subtract Item B-3 from Item A-3)     $ 85,647.62