Of Counsel:
NING LILLY & JONES

STEPHEN A. JONES    2957
MICHAEL A. LILLY    1681
707 Richards Street, Suite 700
Honolulu, HI 96813
Telephone: (808) 528-1100
Facsimile: (808) 531-2415
stevejones@nljlaw.com

Attorneys for Chapter 7 Trustee
RONALD KOTOSHIRODO

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>JAMES WILLIAM LULL,<br><br>        Debtor | CASE NO. 06-00898<br>(Chapter 7)<br><br>MOTION FOR ORDER AUTHORIZING SETTLEMENT WITH COREY AND TISHA AGUANO; DECLARATION OF RONALD K. KOTORSHIRODO; EXHIBIT "A"<br><br>HEARING<br>DATE: November 19, 2009<br>TIME: 9:30 a.m.<br>JUDGE: Honorable Lloyd King |

MOTION FOR ORDER AUTHORIZING SETTLEMENT
WITH COREY AND TISHA AGUANO
(EXHIBIT A)

Chapter 7 Trustee Ronald K. Kotoshirodo ("Trustee") of the Estate of the

above named Debtor JAMES WILLIAM LULL ("Debtor"), moves this Court for

an order pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure approving a settlement with COREY AGUANO and TISHA NALANI AGUANO ("AGUANOS").

This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This motion is brought pursuant to Bankruptcy Rules 9013, 9014, 9019(a) and LBR 9013-1(c).

By this motion, the Trustee seeks approval of a compromise settlement with the AGUANOS. Under the proposed settlement, the Aguanos will pay the Trustee $15,000.00, and the Trustee will release the Aguanos from the Trustee's claim arising from the Debtor's transfer to the Aguanos of a one-half interest in a Hilo office space in July 2006.

## I. CLAIM TO BE RESOLVED

The Debtor held a one-half undivided interest in a Hilo office space, and the other one-half interest was held by Corey Aguano In July 2006, the Debtor transferred his one-half interest to Corey Aguano and his wife, Tisha Nalani Aguano. The Debtor owed money to the Aguanos, and the transfer was apparently intended as a partial payment on the debt.

The Debtor filed his bankruptcy petition in December 2006. The transfer to the Aguanos was therefore outside the 90-day preference period under section 547, but within the one-year expanded preference period for transfers to insiders.

The Trustee made demand on the Aguanos for avoidance and return of the Hilo Office Space transfer. The Aguanos disputed the Trustee's claim and demand. However, in order to resolve the matter without further expense, litigation or uncertainty, the parties negotiated a compromise settlement (attached as Exhibit "A"), for which the Court's approval is respectfully requested. The settlement is contingent upon and subject to Bankruptcy Court approval.

## II. REQUEST FOR APPROVAL OF PROPOSED SETTLEMENT

The Settlement Agreement for which approval is sought, is attached as Exhibit "A". In summary, this settlement will result in:

1) Settlement payments to the Trustee totaling $15,000.00. Of this, $5,000.00 will be paid immediately (within 11 days after the settlement order is entered), then monthly payments of $1,000.00 will be paid for the next ten months. The Aguanos' payment obligation will be secured by a mortgage on the Property.

2) The Trustee's claims and demands against the Aguanos arising from the Debtor's July 2006 transfer to the Aguanos of a one-half interest in the Hilo Office Space, will be released.

The Trustee requests approval of this settlement as a reasonable compromise of a disputed claim. Although the transfer itself is not disputed, the Aguanos dispute the Trustee's claim that Mr. Aguano was an insider as to the Debtor, which element the Trustee would have to prove at trial under all of the applicable facts

and circumstances. Moreover, the amount of potential recovery for the Trustee if he succeeded in avoiding the transfer, is unclear in this case. The value of a one-half interest in this small office space is highly uncertain today; the tax-assessed value of the *entire* property, was $57,000 in 2009.) Declaration of Ronald K. Kotoshirodo, attached.

Settling this matter for $15,000.00 rather than incurring further litigation expenses (and possibly marketing expense and delay), is in the best interests of the estate. Id. In this proposed settlement, the parties have engaged in arm's length, good faith negotiations in an attempt to reach an acceptable compromise settlement of the disputed claims.

The Trustee therefore respectfully moves for an order approving the Trustee's Settlement Agreement with COREY and TISHA AGUANO (Exhibit "A" attached), and granting such other and further relief as the Court deems just and proper.

DATED: Honolulu, Hawaii, October 7, 2009.

_____
STEPHEN A. JONES
MICHAEL A. LILLY
Attorneys for Chapter 7 Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re: | ) | CASE NO. 06-00898 |
|---|---|---|
| | ) | (Chapter 7) |
| JAMES WILLIAM LULL, | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

## DECLARATION OF RONALD K. KOTOSHIRODO

I, RONALD K. KOTOSHIRODO, hereby declare as follows:

1. I am the duly appointed and acting Trustee of the bankruptcy estate of JAMES WILLIAM LULL, the above-named Debtor.

2. I was appointed as Chapter 7 Trustee in this case by Notice of Appointment of Interim Trustee dated December 12, 2006.

3. I make this declaration in support of my Motion for Order Authorizing Settlement with COREY and TISHA AGUANO (the "Motion").

4. In connection with the proposed settlement, the parties engaged (through counsel) in arm's length, good faith negotiations in an attempt to reach acceptable settlements of the disputed claims.

5. I believe that the proposed settlement, which is attached to the accompanying motion as Exhibit "A", is in the best interest of the Bankruptcy

Estate. It will provide a significant economic benefit to the Estate, while avoiding the costs, delays and uncertainties of litigation with respect to the disputed claims.

6. According to the Hawaii County Real Property Tax Office website, the tax assessed value of the entire property was $57,000 in 2009. The estate's claim only pertains to a one-half interest.

7. Under all of the circumstances which are present, including consideration of the possibly disproportionate expense to the estate of litigating this disputed preference claim; the uncertainty as to the amount of ultimate recovery; and the economic benefit to the estate from the proposed settlement, I support the proposed settlement and respectfully request that the Court approve it.

I declare under penalty of perjury under the laws of the State of Hawaii and the United States that the foregoing is true and correct.

Executed this 18th day of September 2009, in Honolulu, Hawaii.

RONALD K. KOTOSHIRODO, Trustee

# SETTLEMENT AGREEMENT
(Trustee/Corey Aguano/Nalani Aguano)

This Settlement Agreement ("Agreement") is made this ____ day of September, 2009, by and between RONALD K. KOTOSHIRODO, Bankruptcy Trustee in In Re Lull, Bankruptcy No. 06-00898 ("Trustee"), Corey Aguano and Tisha Aguano ("Aguanos").

## WITNESSETH:

WHEREAS, by Deed dated July 21, 2006 James Lull ("Debtor") transferred to the Aguanos, Lull's one-half interest in certain commercial real estate located in Hilo, Hawaii identified as Tax Map Key (3) 2-2-029-013, CPR: 0001, and described more particularly in Exhibit "A" hereto (the "Hilo Property"); and

WHEREAS, Trustee has made demand upon the Aguanos to avoid and recover such transfer as a preferential transfer under 11 U.S.C. § 547, for the benefit of the bankruptcy estate herein; and

WHEREAS, Aguanos dispute the Trustee's claim and deny any liability; and

WHEREAS, the parties (Trustee and Aguanos) have, through good faith negotiation, reached a settlement (subject to Bankruptcy Court approval) of the Trustee's claim without further legal proceedings, controversy or expense.

NOW THEREFORE, in consideration of the mutual promises and undertakings set forth below, and for the good and valuable consideration described below, the parties hereby mutually agree and stipulate as follows:

1. **Settlement Payment.**

Aguanos agree to pay $15,000.00 to the Trustee in settlement of the Trustee's claim, payable as follows:



EXHIBIT "A"

(a) An initial payment of $5,000.00 within eleven (11) calendar days following entry of the Bankruptcy Court order approving this Settlement Agreement; and

(b) Payment of $1,000.00 on the first calendar day each month thereafter for the next ten months.

(c) Aguanos may at their discretion prepay all of part of the unpaid balance at any time.

(d) If Aguanos fails to make any payment within five (5) calendar days of its due date, then the entire remaining balance shall be due and payable in full.

(e) Aguanos' payment obligations hereunder will be secured by a mortgage on the Hilo Property, which the Trustee will promptly release upon receipt of payment in full.

2. **Release of Trustee's Claim.**

The Trustee's claims or potential claims against the Aguanos concerning the Hilo Property and/or Lull's transfer to the Aguanos of an interest therein, shall be deemed released and discharged. This release shall be deemed to benefit the Aguanos, their family members, successors, and assigns.

3. **Tolling of Claims and Defenses While Motion Is Pending.**

The Trustee's claims against the Aguanos with respect the Hilo Property and/or Lull's transfer to the Aguanos of an interest therein, and likewise all of the Aguanos' defenses with respect to such claims, shall be tolled and preserved while the motion for approval of the settlement, is pending. The tolling period shall be deemed to end on the fifteenth day following entry of the Bankruptcy Court's order on the motion, unless an appeal of the order is filed in which case the tolling period shall continue until the fifteen day following disposition of the

2

appeal.

4. **Miscellaneous Conditions**.

This settlement shall be conditioned upon:

(a) Signature of this agreement by the Trustee and Aguanos no later than September 25, 2009;

(b) Approval of the Bankruptcy Court;

(c) The passage of eleven (11) days after entry of the Bankruptcy Court's order approving this agreement, without there having been filed any appeal or motion for reconsideration challenging such approval.

If any of these conditions do not occur, this Agreement shall be null and void, and nothing contained in it shall be deemed to be a waiver of any claim, right, defense or position of either the Trustee or Aguanos.

5. **No Admission of Liability; No Effect on Rights as to Third Parties**.

This Agreement is not to be construed as an admission of liability by either party hereto, or an admission of any factual matter, or a waiver of any claim or defense which either party may have *vis-à-vis* others. Nothing in this agreement shall be deemed to benefit any person or entity other than the Trustee and Aguanos (and Aguanos' family members, successors and assigns).

6. **Miscellaneous**.

(a) Neither of the parties nor anyone on their behalf have made any agreements to do or admit to do any act or thing not herein mentioned and no representation of fact or opinion has been made by any of the parties or by anyone on their behalf to induce this compromise, and this compromise and settlement is made by the parties with foreknowledge of

3

the facts and possibilities of the case and upon advice of counsel.

(b) Whenever required, the parties shall expeditiously and without delay, prepare and cause to prepare and/or execute all instruments and documents necessary to comply with the terms and conditions of this Agreement.

(c) Each party shall bear their own attorneys' fees and costs incurred in connection herewith; however, in any action to compel compliance with the terms of this Agreement, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs.

(d) This Agreement and the legal relations between the parties hereto shall be governed by, and construed in accordance with, the laws of the State of Hawaii.

(e) Should any provision of this Agreement be declared or determined for any reason to be invalid, illegal or unenforceable, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement.

(f) Notwithstanding anything contained herein to the contrary, the Bankruptcy Court shall retain jurisdiction over all matters relating to this Agreement. All disputes arising from or relating to this Agreement shall be decided by the Bankruptcy Court and shall not be reviewable by appeal or otherwise.

(g) This Agreement may be executed in one or more counterparts by the parties. All counterparts shall be construed together and shall constitute one Agreement. This Agreement will not be effective until executed by all of the parties hereto. A signature by facsimile will be binding if delivered by the party's counsel of record, and will be promptly followed by the original signature page.

IN WITNESS WHEREOF, the parties have executed this Agreement on the day and year first above written.

_____
RONALD K. KOTOSHIRODO,
TRUSTEE *In Re James W. Lull*

"*Trustee*"

_____
COREY AGUANO

_____
TISHA AGUANO

"*Aguanos*"

APPROVED AS TO FORM AND SUBSTANCE:

_____
STEPHEN A. JONES, ESQ.
Attorney for RONALD K. KOTOSHIRODO
TRUSTEE *In Re James W. Lull*

_____
MARK R. ZENGER, ESQ.
DONNA E. RICHARDS, ESQ.
Attorneys for COREY AGUANO and
TISHA AGUANO

5