Of Counsel:
NING LILLY & JONES

MICHAEL A. LILLY     #1681
STEPHEN A. JONES     #2957
707 Richards Street, Suite 700
Honolulu, HI 96813
Telephone: (808) 528-1100
Facsimile: (808) 531-2415
Michael@nljlaw.com

Attorneys for Chapter 7 Trustee
RONALD KOTOSHIRODO

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re: | ) CASE NO. 06-00898 |
|---|---|
| JAMES WILLIAM LULL, | ) (Chapter 7) |
| Debtor | ) MOTION FOR ORDER AUTHORIZING SETTLEMENT WITH RICHARD HOWARD, INC. And RICHARD HOWARD; DECLARATION OF RONALD K. KOTORSHIRODO; EXHIBIT "A" |
| | ) HEARING: |
| | ) DATE: January 14, 2010 |
| | ) TIME: 9:30 a.m. |
| | ) JUDGE: Honorable Lloyd King |

# MOTION FOR ORDER AUTHORIZING SETTLEMENT WITH RICHARD HOWARD, INC. AND RICHARD HOWARD (EXHIBIT A)

Chapter 7 Trustee Ronald K. Kotoshirodo ("Trustee") of the Estate of the above named Debtor JAMES WILLIAM LULL ("Debtor"), moves this Court for an order pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure approving a settlement with Defendants RICHARD HOWARD, INC., and RICHARD HOWARD (collectively, "Howard").

This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This motion is brought pursuant to Bankruptcy Rules 9013, 9014, 9019(a) and LBR 9013-1(c). In support of this motion, the Trustee respectfully states as follows:

By this motion, the Trustee seeks approval of a compromise settlement with Howard, which if approved will result in the sale of certain opals transferred to Howard by the Debtor James Lull (the "Debtor"), the net proceeds of which would be shared equally by the parties.

I. CLAIMS AND DISPUTES TO BE RESOLVED

Trustee has asserted claims against Howard to avoid an alleged fraudulent transfer of valuable opals (the "Opals") which debtor James W. Lull ("Lull") conveyed to Howard Defendants on July 10, 2006 (the "Transfer") for which Howard paid $140,000 to Sahara Coins, Inc. Howard disputes the claims,

2

asserting that he acquired the Opals good faith and for a reasonably equivalent value under 11 U.S.C. § 548(c), and under Haw. Rev. Stat. § 651C. Howard also filed a Motion to Change Venue seeking to transfer venue from the United States Bankruptcy Court for the District of Hawaii to the United States Bankruptcy Court for the Northern District of Ohio, Western Division.

## II.   REQUEST FOR APPROVAL OF PROPOSED SETTLEMENT

The Settlement Agreement and Mutual Agreement (the "Settlement Agreement") for which approval is sought, is attached as Exhibit "A". In summary, the Settlement Agreement will result in the Trustee and Howard selling the Opals through a mutually-agreed-upon seller, at public or private sale, and splitting the net proceeds of the sale equally. The Trustee and Howard would also mutually agree on a reserve price after consultation with an agreed-upon appraiser. The Settlement Agreement releases Howard from all liability for the Claims, as defined in the Settlement Agreement, except, however, Howard understands and acknowledges that there will be no blanket general release by the Trustee and Howard waives any right to file a proof of claim in the Lull Bankruptcy.

The Trustee respectfully requests approval of the Settlement Agreement. It is a fair, reasonable and efficient settlement of the Trustee's claim and Howard's defenses, and will provide an economic benefit to the estate (receipt of one-half the net proceeds from the sale of the Opals) while relieving the estate of the expense,

3

delay and uncertainty of further litigation over the Claims, which are disputed in part by Howard. Declaration of Ronald K. Kotoshirodo.

In the proposed Settlement Agreement, the parties have engaged in arm's length, good faith negotiations in an attempt to reach an acceptable compromise settlement of the disputed claims. The Trustee believes that the proposed Settlement Agreement is in the best interests of the estate and will provide benefits to the estate. Declaration of Ronald K. Kotoshirodo.

The Trustee therefore respectfully moves for an order approving the Settlement Agreement (Exhibit "A" attached), and granting such other and further relief as the Court deems just and proper.

DATED: Honolulu, Hawaii, December 7, 2009.

MICHAEL A. LILLY
STEPHEN A. JONES
Attorneys for Chapter 7 Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| In re: | ) | CASE NO. 06-00898 |
| | ) | (Chapter 7) |
| JAMES WILLIAM LULL, | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

## DECLARATION OF RONALD K. KOTOSHIRODO

I, RONALD K. KOTOSHIRODO, hereby declare as follows:

1. I am the duly appointed and acting Trustee of the bankruptcy estate of JAMES WILLIAM LULL, the above-named Debtor.

2. I was appointed as Chapter 7 Trustee in this case by Notice of Appointment of Interim Trustee dated December 12, 2006.

3. I make this declaration in support of my Motion for Order Authorizing Settlement with Richard Howard, Inc. and Richard Howard (the "Motion").

4. In connection with the proposed Settlement Agreement and Mutual Release (the "Settlement Agreement"), the parties engaged (through counsel) in arm's length, good faith negotiations in an attempt to reach acceptable settlements of the disputed claims.

5. I believe that the proposed Settlement Agreement, a true and correct copy of which is attached to the Motion as Exhibit "A", is in the best interest of the Bankruptcy Estate. It will provide a meaningful economic benefit, while avoiding the costs, delays and uncertainties of further litigation.

6. While neither party to the Settlement Agreement is making any admissions or waivers, based on the information provided by Richard Howard, Inc. and Richard Howard ("Howard") to my counsel, I recognize that Howard may have at least a partial defense or offset to my claims in this matter, and under the circumstances I believe that the proposed Settlement Agreement by which the parties split the net proceeds from the sale of the Opals is a fair and reasonable recovery for the estate in this matter. The Settlement Agreement also eliminates the possibility that my claims in the adversary action might be removed to Ohio, which would significantly increase the estate litigation costs. There is no general release of Howard while Howard waives any claims against the estate.

7. I believe the proposed Settlement Agreement is in the Estate's best interests.

8.  In summary, I support the proposed Settlement Agreement and respectfully request that the Court approve it.

I declare under penalty of perjury under the laws of the State of Hawai'i and the United States that the foregoing is true and correct.

Executed this 7th day of December 2009, in Honolulu, Hawai'i.

/s/ Ronald K. Kotoshirodo
RONALD K. KOTOSHIRODO

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (this "Agreement"), is entered into as of the 30 th day of November, 2009, by and among Ronald Kotoshirodo, in his capacity as chapter 7 trustee (the "Trustee") of James William Lull (the "Debtor") in In re James Lull, Bk. No. 06-00898, and Richard Howard, Inc., and G. Richard Howard, individually (collectively, "Howard") (each, a "Party", and collectively, the "Parties"):

## RECITALS

A. On December 8, 2006 (the "Petition Date"), James William Lull, also known as James W. Lull, filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Hawaii (the "Court").

B. On May 29, 2009, the Trustee filed a complaint (the "Complaint") and commenced an adversary proceeding captioned Ronald K. Kotoshirodo, Chapter 7 Trustee vs. Richard Howard, Inc., and Richard Howard, individually; Adversary Pro. No. 09-90029 in the United States Bankruptcy Court for the District of Hawaii (the "Adversary Proceeding").

C. In the Complaint filed in the Adversary Proceeding, the Trustee seeks to avoid the transfer of Opals (as defined below) from Sahara Coins, Inc. to Howard, and has asserted claims against Howard under 11 U.S.C. § 548(a)(1)(A), 548(a)(1)(B), 542, 544(a), 544(b), and 550 (the "Claims").

D. On July 22, 2009, Howard filed an answer (the "Answer") to the Complaint asserting as defenses, *inter alia*, the following: that Howard took in good faith and for a reasonably equivalent value under 11 U.S.C. § 548(c), and under Haw. Rev. Stat. § 651C (the defenses and demands for relief asserted in the Answer shall be collectively referred to as the "Defenses"). On July 22, 2009, Howard also filed a Motion to Change Venue seeking to transfer venue from the United States Bankruptcy Court for the District of Hawaii to the United States Bankruptcy Court for the Northern District of Ohio, Western Division.

E. The Parties acknowledge that continued litigation regarding the Adversary Proceeding, and the potential prosecution of any Claims (as defined below), through trial and appeal will result in considerable expense and time. The Parties recognize the uncertainty and risk of further litigation and have determined that the mutual release of the Claims (as defined below) pursuant to the terms set forth in this Agreement would be beneficial and appropriate.

F. In consideration of the mutual promises, covenants, and other good and valuable consideration set forth below, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby stipulate and agree as follows:


EXHIBIT "A"

564427v1

# AGREEMENT

1.      *Sale of the Opals.* A Third-Party Seller, mutually acceptable to both the Trustee and Howard, will market and sell the Opals (as defined below), by public or private sale, with reserve, as soon as practicable. The Third-Party Seller shall be independent, impartial, and professional in addressing the interests of the Trustee and Howard. The terms, "Opal" or "Opals", shall mean, as applicable, an opal or any/all opals consigned by Debtor to Sahara Coins, Inc., and transferred prepetition by Sahara Coins, Inc. to Howard. Subject to the Trustee and Howard's advance written consent, the Third-Party Seller shall determine the best manner and method to market the Opals. The Opals will be offered for public or private sale, individually, and later as a whole and sold in the manner which produces the greatest total sales revenue. The Trustee and Howard shall mutually agree, in advance, upon the reserve price for each Opal to be sold at public or private sale. In setting the reserve prices, the Trustee and Howard agree to cooperate and work with the mutually selected Third-Party Seller or another mutually selected Appraiser to determine the appropriate reserve price for the Opals. The Trustee and Howard agree to have the Opals appraised by the mutually selected Third-Party Seller or another mutually selected Appraiser to assist them in determining the appropriate reserve price for the Opals. Howard understands and agrees that any Third-Party Seller or appraiser engaged relative to this Agreement may require the Court's prior approval for such engagement.

2.      *Delivery of Opals.* In order to effectuate the sale of the Opals, Howard will, within ten (10) days after designation of the Third Party Seller and/or Appraiser, deliver the Opals to the Third-Party Seller and/or Appraiser, mutually selected by both the Trustee and Howard.

3.      *Division of Proceeds of Sale of Opals.* All costs and expenses of shipping the Opals, marketing, appraising, selling and/or auctioning the Opals (the "Costs of Sale") shall be paid or a Party shall be reimbursed for such costs and expenses first out of the gross sale proceeds. The Trustee and Howard shall share the remaining net sales proceeds 50/50 (*i.e.*, if the Opals sell for $200,000.00, and the Costs of Sale are $10,000.00, then the gross sale proceeds will be distributed as follows: $200,000.00 (gross sale proceeds) minus $10,000 (Costs of Sale) = $190,000.00 (net sales proceeds); one-half of net sales proceeds to Trustee = $95,000; one half net sales proceeds to Howard = $95,000.00.).

4.      *Binding Nature Of Agreement.* If this Agreement is approved, it will become effective and permanent immediately and will not be contingent upon any future event.

5.      *Release of Claims by Trustee.* On the Effective Date of this Agreement (as defined below), and except for the rights, duties, and obligations created by this Agreement, the Trustee, on behalf of himself, the bankruptcy estate and (to the fullest extent allowed by law), and his/their respective agents, predecessors, successors, assigns, past and present attorneys, accountants, representatives, affiliates, parents, subsidiaries, officers, directors, members, employees, shareholders, and partners, and their respective successors and assigns, jointly and severally, hereby release and forever discharge Howard and his/its respective agents, predecessors, successors, assigns, past and present attorneys, accountants, representatives, affiliates, parents, subsidiaries, officers, directors, members, employees, shareholders, and

partners, and their respective successors and assigns, jointly and severally, from the "Claims" or any claims, demands, or causes of action relating to the Opals, except Howard understands that there will be no blanket general release by Trustee; <u>provided, however,</u> that the foregoing shall not prevent the Trustee from bringing an action in the Court seeking to enforce this Agreement.

      6.    <u>Release of Claims by Howard</u>. On the Effective Date of this Agreement (as defined below), and except for the rights, duties, and obligations created by this Agreement, Howard, on behalf of himself/itself and (to the fullest extent allowed by law), and his/its respective agents, predecessors, successors, assigns, past and present attorneys, accountants, representatives, affiliates, parents, subsidiaries, officers, directors, members, employees, shareholders, and partners, and their respective successors and assigns, jointly and severally, hereby release and forever discharge the Trustee, and his agents, predecessors, successors, assigns, past and present attorneys, accountants, representatives, affiliates, parents, subsidiaries, officers, directors, members, employees, shareholders, and partners, and their respective successors and assigns, jointly and severally, from causes of action, the Defenses or any claims, demands, or causes of action relating to the Opals and/or his payment on behalf of debtor therefor; <u>provided, however,</u> that the foregoing shall not prevent Howard from bringing an action in the Court seeking to enforce this Agreement; notwithstanding any provision to the contrary, Howard waives any right to file a proof of claim in the Lull bankruptcy.

      7.    <u>Effective Date/Best Efforts/Bankruptcy Court Approval</u>. This Settlement is conditioned upon approval by the Bankruptcy Court, the failure of which will render this Settlement null and void. The "Effective Date" of this Agreement shall be the Tenth (10th) day after the Order of the Court approving this Agreement (the "Settlement Order"), becomes final and non-appealable; <u>provided, however,</u> that the provisions of this Agreement that are not subject to the Effective Date shall be effective immediately upon entry of the Settlement Order. The Parties shall use their best efforts to achieve and accomplish the terms of this Agreement. The Trustee shall promptly give notice of the Agreement to all parties entitled to notice and schedule a hearing on the Agreement if one is requested. If this Agreement is not finally approved by the Court for whatever reason, this Agreement shall be null and void and of no force or effect, and shall not be admissible against any Party hereto for any purpose.

      8.    <u>Voluntary Settlement</u>. The Parties to this Agreement acknowledge and agree that each of them is entering into this Agreement freely and voluntarily and not acting under any misapprehension as to the effect hereof, and has acted and does hereby act freely and voluntarily and not under any coercion or duress.

      9.    <u>No Mistake of Fact or Law</u>. In entering into this Agreement, each Party recognizes that no facts or representations are ever absolutely certain. Accordingly, each Party assumes the risk of any mistake, and if he/it should subsequently discover that any understanding of the facts or of the law was incorrect, each Party understands and expressly agrees that he/it shall not be entitled to set aside this Agreement by reason thereof, regardless of any mistake of fact or law.

      10.    <u>Mutual Representations and Warranties</u>.

Subject to Paragraph 7 above, the Parties hereby represent and warrant to each other the following, each of which is a continuing representation and warranty:

(a) Each of the Parties hereto, himself/itself or his/its affiliates, is the sole and lawful owner of all right, title and interest in and to every asserted Claim herein. None of the Parties or its affiliates have assigned or transferred, or purported to assign or transfer, to any person or entity any Claims discussed herein. The Parties shall indemnify, defend, and hold each other absolutely harmless from and against any claims, liabilities, actions, causes of action, demands, injuries, damages, costs, and expenses (including, but not limited to, reasonable attorneys' fees), based upon or arising in connection with any such prior assignment or transfer, or any such purported assignment or transfer, with respect to any Claims discussed herein.

(b) This Agreement is a valid and binding obligation of the Parties, enforceable against each of them in accordance with its terms.

(c) Except as otherwise expressly provided in this Agreement, no consent or approval is required by any other person or entity in order for the Parties to carry out the provisions of this Agreement, and each of the Parties has obtained all necessary corporate and other approval to enter into and perform the obligations under this Agreement. In addition, each person signing this Agreement warrants that he or she is legally competent and authorized to execute this Agreement on behalf of the Party whose name is subscribed at or above such person's signature.

(d) Each of the Parties hereto has received independent legal advice from attorneys of his/its choice with respect to the advisability of making the agreements provided herein and with respect to the advisability of executing this Agreement, and prior to the execution of this Agreement by the Parties hereto, their attorneys reviewed this Agreement with them and have made all desired changes.

(e) Except as otherwise expressly stated in this Agreement, the Parties have not made any statement or representation to each other regarding any facts relied upon by them in entering into this Agreement, and each of them specifically does not rely upon any statement, representation, or promise of the other Party hereto or any other person in entering into this Agreement, except as expressly stated in this Agreement. Each Party has relied upon his/its own investigation and analysis of the facts and not on any statement or representation made by any other Party in choosing to enter into this Agreement and the transactions contemplated herein.

(f) The Parties hereto and their respective attorneys have made such investigation of the facts pertaining to this Agreement and all of the matters pertaining thereto, as they deem necessary.

11. <u>No Admission Against Interest</u>. Nothing contained in this Agreement or negotiations and communications leading up to it shall be construed as an admission against the interest of or an admission of fault or wrongdoing by any of the Parties hereto. Except to enforce this Agreement, the terms of this Agreement, including, without limitation, the recitals and

representations made by any Party shall have no force or effect and will not be binding upon, enforceable against, or deemed an admission or acknowledgment of any fact by any Party. This Agreement shall not be admissible as evidence in any action or proceeding except to enforce this Agreement or to carry out the actions contemplated herein.

12. <u>Miscellaneous</u>.

(a) Except as provided herein, all covenants, warranties, representations, and indemnities made by the Parties to one another pursuant to this Agreement shall be and remain in full force and effect upon this Agreement becoming effective.

(b) The Parties agree to execute and deliver such other instruments and perform such acts, in addition to the matters herein specified, as may be appropriate or reasonably necessary, from time to time, to effectuate the agreements and understandings of the Parties, whether the same occur before or after the date of this Agreement.

(c) This Agreement is the entire agreement between the Parties hereto with respect to the subject matter hereof and supersedes all prior and contemporaneous agreements, whether oral or written, between the Parties hereto with respect thereto. In addition, this Agreement may not be modified or amended, nor any of its provisions waived, except by an instrument in writing, signed by the Parties hereto.

(d) This Agreement shall inure to the benefit of and shall be binding upon the successors and assigns of the Parties hereto.

(e) The headings of all sections of this Agreement are inserted solely for the convenience of reference and are not a part of and are not intended to govern, limit, or aid in the construction or interpretation of any term or provision hereof.

(f) To the extent that performance is to be governed by time, time shall be deemed to be of the essence hereof.

(g) This Agreement is to be governed by and construed in accordance with federal bankruptcy law, to the extent applicable, and where state law is implicated, the laws of the State of Hawaii shall govern. The Court shall retain jurisdiction to enforce the provisions of this Agreement.

(h) This Agreement may be executed and delivered in any number of counterparts, each of which, when executed and delivered, shall be deemed an original, and all of which together shall constitute the same Agreement. A signature by facsimile or pdf format will be binding if delivered by the party's counsel of record, and will be promptly followed by the original signature page.

(i) This Agreement is the product of negotiations of the Parties, and in the enforcement or interpretation hereof, is to be interpreted in a neutral manner, and any presumption with regard to interpretation for or against any Party by reason of that Party having drafted or caused to be drafted this Agreement, or any portion hereof, shall not be effective in regard to the interpretation hereof.

(j) Notwithstanding anything contained herein to the contrary, the Bankruptcy Court shall retain jurisdiction over all matters relating to this Agreement. All disputes arising from or relating to this Agreement shall be decided by the Bankruptcy Court.

(k) To the extent possible, the Parties shall avoid any unnecessary public disclosure of this Agreement, the fact that the Parties have entered into this settlement and any and all of the terms and conditions of this Agreement; provided, however, that this Agreement shall be publicly filed as an exhibit to the Settlement Order.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year first above written.

THE TRUSTEE

By: _____
Name: Ronald K. Kotoshirodo
Title: Chapter 7 Trustee

**RICHARD HOWARD, INC.**

By: _____
Name:
Title:

_____
**G. RICHARD HOWARD, INDIVIDUALLY**

APPROVED AS TO FORM:

_____
MICHAEL A. LILLY, ESQ.
Ning, Lilly & Jones
707 Richards St., Suite 700
Honolulu, HI 96813-4623
Attorney for RONALD K. KOTOSHIRODO
TRUSTEE *In Re Lull*

_____
NEIL VERBRUGGE, ESQ.
WAGNER CHOI & VERBRUGGE
745 Fort Street, Suite 1900
Honolulu, Hawaii 96813
Attorney for **RICHARD HOWARD, INC.** and
**G. RICHARD HOWARD**, individually

having drafted or caused to be drafted this Agreement, or any portion hereof, shall not be effective in regard to the interpretation hereof.

(j) Notwithstanding anything contained herein to the contrary, the Bankruptcy Court shall retain jurisdiction over all matters relating to this Agreement. All disputes arising from or relating to this Agreement shall be decided by the Bankruptcy Court.

(k) To the extent possible, the Parties shall avoid any unnecessary public disclosure of this Agreement, the fact that the Parties have entered into this settlement and any and all of the terms and conditions of this Agreement; provided, however, that this Agreement shall be publicly filed as an exhibit to the Settlement Order.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year first above written.

THE TRUSTEE

By:_____
Name:
Title: Chapter 7 Trustee

RICHARD HOWARD, INC.

By: *Richard Howard, Pres.*
Name:
Title:

*Richard Howard*
G. RICHARD HOWARD, INDIVIDUALLY

APPROVED AS TO FORM:

_____
MICHAEL A. LILLY, ESQ.
Ning, Lilly & Jones
707 Richards St., Suite 700
Honolulu, HI 96813-4623
Attorney for RONALD K. KOTOSHIRODO
TRUSTEE *In Re Lull*

_____
NEIL VERBRUGGE, ESQ.
WAGNER CHOI & VERBRUGGE
745 Fort Street, Suite 1900
Honolulu, Hawaii 96813

63098v2
564427v1

6

(j) Notwithstanding anything contained herein to the contrary, the Bankruptcy Court shall retain jurisdiction over all matters relating to this Agreement. All disputes arising from or relating to this Agreement shall be decided by the Bankruptcy Court.

(k) To the extent possible, the Parties shall avoid any unnecessary public disclosure of this Agreement, the fact that the Parties have entered into this settlement and any and all of the terms and conditions of this Agreement; provided, however, that this Agreement shall be publicly filed as an exhibit to the Settlement Order.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year first above written.

**THE TRUSTEE**

By:_____
    Name:
    Title: Chapter 7 Trustee

**RICHARD HOWARD, INC.**

By:_____
    Name:
    Title:

_____
**G. RICHARD HOWARD, INDIVIDUALLY**

APPROVED AS TO FORM:

_____
MICHAEL A. LILLY, ESQ.
Ning, Lilly & Jones
707 Richards St., Suite 700
Honolulu, HI 96813-4623
Attorney for RONALD K. KOTOSHIRODO
TRUSTEE *In Re Lull*

_____
NEIL VERBRUGGE, ESQ.
WAGNER CHOI & VERBRUGGE
745 Fort Street, Suite 1900
Honolulu, Hawaii 96813
Attorney for **RICHARD HOWARD, INC.** and
**G. RICHARD HOWARD,** individually