Of Counsel:
NING LILLY & JONES

MICHAEL A. LILLY    1681
707 Richards Street, Suite 700
Honolulu, HI 96813
Telephone: (808) 528-1100
Facsimile:  (808) 531-2415
Email: Michael@nljlaw.com

Special Counsel for Plaintiff
RONALD K. KOTOSHIRODO, Chapter 7 Trustee

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re: | ) BK. NO. 06-00898 |
| | ) (Chapter 7) |
| JAMES WILLIAM LULL, | ) |
| | ) FINDINGS OF FACT AND |
| Debtor. | ) CONCLUSIONS OF LAW |
| | ) *(Re: Claim #42-Robert Evans)* |
| | ) |
| | ) Hearing Date:  May 30, 2013 |
| | ) Time:  9:30 a.m. |
| | ) Judge:  Lloyd King |
| | ) |
| | ) Rel. Dkt. 1605 and 1632 |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff Ronald K. Kotoshirodo, Chapter 7 Trustee's ("Trustee") Objection

to Claim #42 filed March 18, 2013 (Dkt.#1605) came on for hearing before the

Hon. Lloyd King on May 30 and 31, 2013.  Michael A. Lilly, Esq. represented

Trustee who was present. Harrison Chung, Esq., represented Creditor Robert B.

Evans ("Creditor"). Having considered the arguments of counsel, the evidence

submitted by the parties, the records and files in this case, for the reasons stated in open court, and good cause appearing therefor, the Court makes the following findings of fact and conclusions of law.

## I. FINDINGS OF FACT

1.      Creditor filed his proof of claim #42 in the amount of $654,668.13 on March 26, 2007 (Dkt.#42). Creditor amended his claim on December 3, 2007 to the amount of $676,149.12 (Dkt.#42-2). The claim included dishonored check penalty fees and late penalty charges totaling $3,777.94.

2.      Creditor, a resident of California, passed away on March 21, 2010.

3.      Trustee's counsel obtained some of Debtor's bank records via Rule 2004 subpoenas which revealed that Creditor had not credited six-figure amounts repaid to Creditor by Debtor.

4.      On November 5, 2012, Trustee's counsel sent Creditor's counsel a letter requesting updated information supporting the claim. Subsequently, Trustee's counsel requested a full accounting from Creditor of all payments made by Creditor to Debtor and all repayments received from Debtor. To assist Creditor, Trustee's counsel sent Creditor copies of all checks and wire transfers in his possession representing repayments from Debtor to Creditor.

5.     When no responsive information was provided by Creditor, Trustee filed his Objection to Claim on March 18, 2013. The objection was set initially for hearing on April 18, 2013.

6.     At the request of Creditor's counsel, Trustee continued the hearing on his Objection to May 30, 2013 to give Creditor's counsel time within which to move to withdraw and for Creditor's estate to engage counsel to represent the estate.

7.     Meanwhile, in response to Trustee's requests for information, Creditor's counsel requested information from Creditor's son, Brad Evans. However, Creditor's counsel received no information from the son.

8.     Creditor's counsel has not been informed whether Creditor's claim had been assigned, whether a probate estate had been opened, or whether an attorney has been hired to represent Creditor's estate.

9.     Because of irreconcilable differences, Creditor's counsel filed a Motion to Withdraw on May 3, 2013 (Dkt.#1629).

10.     On May 23, 2013, Creditor filed his Interim Response to Objection to Claim (Dkt.#1632) which described Creditor's counsel's inability to obtain information from Creditor's son and requested an additional continuance, but did not respond substantively to Trustee's Objection to Claim.

U.S. Bankruptcy Court - Hawaii   #06-00898   Dkt # 1649   Filed 06/28/13   Page 3 of 5

11.     The Court finds there have been extensive delays already with the possibility of further delays in the future.  It is wholly speculative at this point whether and when a probate might be opened in California or whether and when an attorney representing the estate might be engaged. The filings by Creditor's counsel demonstrate the uncertainty when, if ever, Creditor's estate might respond to Trustee's request for information and accounting.

## II. <u>CONCLUSIONS OF LAW</u>

1.     "'Claim objectors carry the initial burden to produce some evidence to overcome the rebuttable presumption of validity.'" *In re Koontz*, 2010 WL 625883, 7-8 (Bankr. N.D. Ind. 2010) (quoting *In re Vanhook*, 426 B.R. 296, 298-99 (Bankr. N.D. Ill. 2010) (citations omitted)). See also *In re Consumers Realty & Development Co., Inc.*, 238 B.R. 418, 422-423 (B.A.P. 8th Cir. 1999) (citing *Gran v. Internal Revenue Serv. (In re Gran)*, 964 F.2d 822, 827 (8th Cir. 1992)). "Once the objecting party produces evidence rebutting the claim, the burden of proof shifts to the claimant to produce evidence establishing the validity of the claim. [*In re Gran.*] Thus, once an objection is made to the proof of claim, the ultimate burden of persuasion as to the claim's validity and amount rests with the claimant." *In re Consumers Realty & Development Co., Inc.*, 238 B.R. at 423 (citing *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3rd Cir.1992); *In re Harrison*, 987 F.2d 677, 680 (10th Cir.1993)).

U.S. Bankruptcy Court - Hawaii   #06-00898   Dkt # 1649   Filed  06/28/13   Page 4 of 5

2.     Trustee has carried his initial burden of proof overcoming the rebuttable presumption of the validity of Creditor's claim. Accordingly, the burden of proof has shifted to the Creditor to sustain his claim.

3.     Creditor has been given more than adequate time to respond to Trustee's request for information and an accounting of all monies paid by Creditor to Debtor and repayments by Debtor to Creditor.

4.     Creditor has not sustained his burden to prove the validity of his claim.

5.     Accordingly, the Court sustains the Trustee's Objection to Claim #42 which shall be disallowed in its entirety.

DATED:  Honolulu, Hawaiʻi, _____.

*/s/ Lloyd King*
**United States Bankruptcy Judge**
Dated: June 28, 2013

_____

*In re:  James William Lull*; Bkcy. No. 06-00898 (Chapter 7); FINDINGS OF FACT AND CONCLUSIONS OF LAW *(Re: Claim #42-Robert Evans)*

U.S. Bankruptcy Court - Hawaii   #06-00898   Dkt # 1649   Filed  06/28/13   Page 5 of 5